LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. A jury in the Tallahatchie County Circuit Court found Richard Dunn guilty of enticement of a child for engaging in sexually explicit conduct. The trial court sentenced Dunn to serve ten years in the custody of the Mississippi Department of Corrections followed by ten years of post-release supervision, with the first five years to be served on a reporting basis and the remaining five on a non-reporting basis. Dunn was also ordered to pay a $50,000 fine and $1,000 to the Mississippi Children’s Trust Fund.
¶ 2. Dunn now appeals, asserting the trial court erred in denying his motion in limine and in denying his motion for a judgment notwithstanding the verdict (JNOV). Finding no error, we affirm.
FACTS
¶ 3. L.B.,[1] who was twelve years old at the time of the incident, testified he was riding his bicycle home from the library on June 29, 2009, when a man driving a van stopped him. This man stated to L.B., “I will give you $4.00 if you let me suck your wee-wee.” L.B. responded, “What you talking about?” The man said, “I’ll give you $4.00 to give you a blow job.” L.B. refused, and went home to tell his mother, Tammy. Immediately thereafter, L.B. and Tammy attempted to find the man in the van. They could not find the van where the incident had occurred but saw it next to a Dollar General. Tammy was able to obtain the license-plate number. Only several minutes had elapsed from the time L.B. told Tammy until they found the van. Tammy then went to the police station to report the incident. This occurred in Charleston, Mississippi.
¶ 4. The police discovered the van belonged to Dunn and his wife, Kimberly. L.B. was shown a photographic lineup and identified Dunn as the man who had enticed him.
DISCUSSION
I. MOTION IN LIMINE
¶ 5. Dunn first argues the trial court erred in denying his motion in limine. Dunn was trying to exclude testimony from Tammy concerning her actions after L.B. told her about Dunn. The trial court ruled the testimony would be admissible but only if Tammy testified after L.B. testified as to what happened and what he told his mother.
¶ 6. “The standard of review governing the admission or exclusion of evidence is abuse of discretion.” Catchings v. State, 39 So.3d 943, 950 (¶ 29) (Miss.Ct.App.2009) (citing Williams v. State, 991 So.2d 593, 597 (¶ 8) (Miss.2008)). The trial court allowed Tammy to testify as to what L.B. told her about Dunn and their attempt to find Dunn under the excited-utterance hearsay exception. Rule 803(2) of the Mississippi Rules of Evidence states that an excited utterance is “[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.” Tammy’s testimony was clearly hearsay, as it was offered to prove that Dunn enticed L.B. Although the trial court found the statements to fall under the excited-utterance hearsay exception, there was no testimony that L.B. was under any stress at the time. L.B. testified that he was not scared. The testimony perhaps falls better under the present- *116 sense-impression exception under Mississippi Rule of Evidence 803(1): “A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter.” Regardless of the exception used, we cannot find the trial court abused its discretion in allowing Tammy to testify.
¶ 7. We further recognize that Tammy’s testimony could also be considered not hearsay. In Knight v. State, 601 So.2d 403, 406 (Miss.1992), the Mississippi Supreme Court noted that a statement made by a bystander to Knight was both not hearsay and hearsay. The statement was not hearsay to show “its effect on Knight, ... that it induced or contributed to his fear.” Id. It was hearsay because “[i]t can be read (or heard) to express an opinion concerning the nature of the situation in which Knight found himself.” Id. The court found the statement to fall under the present-sense-impression exception under Rule 803(1). Id. Tammy’s testimony was offered to show the effect of L.B.’s statements on her and her actions thereafter.
¶ 8. Whether Tammy’s testimony was hearsay or not, it was admissible; thus, this issue is without merit.
II. JNOV
¶ 9. In his other issue on appeal, Dunn contends the trial court erred in failing to grant a JNOV or, in the alternative, a new trial. Dunn argues the evidence was insufficient to support the guilty verdict. Regarding whether the evidence was legally sufficient to support the verdict, we look to our standard of review. “[T]he critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]’ ” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. Id. The jury determines the credibility of witnesses and resolves conflicts in the evidence. Davis v. State, 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2003).
¶ 10. Dunn’s main contention is that the evidence was too conflicting for the jury to resolve the evidence in the State’s favor. Dunn does concede that it is the jury’s duty to resolve any conflicts in the evidence. According to Mississippi Code Annotated section 97-5-33(6) (Supp. 2012), “[n]o person shall, by any means including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct.” L.B. testified that a man approached him and asked to perform a sexual act upon him. L.B. immediately told his mother, and the two of them were able to track down Dunn’s van and get the license-plate number. L.B. was able to identify Dunn as the perpetrator. Dunn and his wife testified that he did not leave their house that particular day. The jury clearly found L.B.’s testimony to be more credible than that of Dunn and his wife. This issue is without merit.
¶11. THE JUDGMENT OF THE TALLAHATCHIE COUNTY CIRCUIT COURT OF CONVICTION OF ENTICEMENT OF A CHILD FOR ENGAGING IN SEXUALLY EXPLICIT CONDUCT AND SENTENCE OF TEN YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS FOLLOWED BY TEN YEARS OF POST- *117 RELEASE SUPERVISION, AND TO PAY A $50,000 FINE AND $1,000 TO THE MISSISSIPPI CHILDREN’S TRUST FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P JJ., ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. BARNES AND MAXWELL, JJ., CONCUR IN PART AND IN THE RESULT.

. The Court of Appeals declines to identify minor victims of sexual crimes.