# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00805-COA

SEAN LAND A/K/A SEAN L. LAND                                                                APPELLANT

v.

STATE OF MISSISSIPPI                                                                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/09/2014 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNT I, ATTEMPTED ARMED ROBBERY, AND SENTENCED TO TWENTY-FIVE YEARS; COUNT II, AGGRAVATED ASSAULT, AND SENTENCED TO TEN YEARS; AND COUNT III, POSSESSION OF A FIREARM BY A FELON, AND SENTENCED TO SEVEN YEARS, WITH ALL SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED – 01/26/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**JAMES, J., FOR THE COURT:**

¶1.     On October 18, 2013, Sean Land was indicted for attempted armed robbery in

violation of Mississippi Code Annotated section 97-3-79 (Rev. 2014), aggravated assault in violation of Mississippi Code Annotated section 97-3-7(2)(a) (Supp. 2015), and possession of a firearm by a felon in violation of Mississippi Code Annotated section 97-37-5 (Rev. 2014). Land appeals from a judgment of conviction entered by the Circuit Court of Jones County, Second Judicial District, following a trial where the jury found him guilty on all three counts. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On May 6, 2013, Sedrick Miles and Land rode together from Waynesboro, Mississippi, to Laurel, Mississippi. They stopped at Walmart in Laurel. Miles went inside to use the restroom, while Land remained in the vehicle seated in the front passenger seat. Later, Miles exited Walmart, returned to the driver's side of his vehicle, and began to look through some CDs. While the two were in the vehicle, Fernando Noriega exited Walmart with groceries he had purchased. As Noriega was walking to his vehicle, he was counting his money. At that point, Land told Miles that he was going "to get out of the car and do something." Miles continued to look through his CDs and heard a gunshot. He looked up and saw Noriega on the ground in the parking lot. He then saw Land "shooting him again." Land returned to the vehicle's passenger seat, and Miles drove away from the scene.

¶3. Noriega testified in Spanish at trial through an interpreter, as follows. While putting groceries away in his van, Noriega felt a burning sensation in his leg. He realized he had been shot. He fell backwards to the back of his van and felt a second shot in his stomach. He testified that although he does not understand much English, he understood that the

2

shooter wanted money.

¶4. Lieutenant Jerome Jackson, an investigator for the Laurel Police Department, also testified at trial. Lieutenant Jackson was called to investigate the shooting. He responded to the scene, viewed the Walmart surveillance video, and obtained the license-plate number of the vehicle that had been occupied by Miles and Land. It was determined that the vehicle belonged to Miles. Two days later, Miles was arrested in Waynesboro. Miles made a statement to police implicating Land as the actual shooter. Land was then arrested and, in a videoed interview with police, confessed to shooting Noriega. The video of Land's interview containing the confession and detailed account of the shooting was played for the jury at trial. The prosecution also played the Walmart surveillance video from the time of the shooting. Lieutenant Jackson described what was occurring in the surveillance video as it was played for the jury. Also, on one occasion, he pointed out where the jury should focus its attention as it was played.

¶5. Following the trial, the jury found Land guilty on all three counts. The trial court sentenced Land to twenty-five years for the attempted armed robbery, ten years for the aggravated assault, and seven years for possession of a firearm by a felon, with the sentences to be served consecutively in the custody of the Mississippi Department of Corrections.

¶6. Land filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial and a motion for resentencing. The trial court denied Land's motion. Land appeals to this Court raising two issues: (1) whether the trial court erred in allowing Lieutenant Jackson to provide a narration of the surveillance videos shown to the jury; and

(2) whether the trial court erred in allowing physical evidence, specifically a pair of Miles's shoes, which were not produced during discovery, to be admitted.

## STANDARD OF REVIEW

¶7.     "Our standard of review for either the admission or exclusion of evidence is abuse of discretion." *Smith v. State*, 942 So. 2d 308, 313 (¶11) (Miss. Ct. App. 2006) (citing *Harrison v. McMillan*, 828 So. 2d 756, 765 (¶27) (Miss. 2002)). "Even if this Court finds an erroneous admission or exclusion of evidence, we will not reverse unless the error adversely affects a substantial right of a party." *Id*. (citing *Gibson v. Wright*, 870 So. 2d 1250, 1258 (¶28) (Miss. Ct. App. 2004)).

## DISCUSSION

I.      **Whether the trial court erred by allowing Lieutenant Jackson's narrative of the video-surveillance recording.**

¶8.     Land argues that the trial court erred by allowing Lieutenant Jackson's narration of the surveillance video while it was being shown to the jury.

¶9.     "It is permissible for a witness to narrate video evidence when the narration simply describes what is occurring in the video, but it is impermissible if the witness 'attempts to place his own subjective interpretation of events transpiring in the video based on nothing beyond the witness's own inspection of the contents of the videotape.'" *Gales v. State*, 153 So. 3d 632, 645 (¶41) (Miss. 2014) (citing *Pulliam v. State*, 873 So. 2d 124, 127 (¶8) (Miss. Ct. App. 2004)).

¶10.    Lieutenant Jackson testified as non-expert at trial. Lieutenant Jackson's narration predominately simply described what was occurring in the video. Land's counsel did not

4

object to the narration of the video entirely. Additionally, Land's counsel stated to the trial court that it would be fine for Lieutenant Jackson to identify Miles in the video. Land's counsel also did not object to Lieutenant Jackson identifying Noreiga. Therefore, "any argument to exclude the testimony prior to the objection is procedurally barred." *Gales*, 153 So. 3d at 647 (¶49).

¶11. Land's counsel first objected to the narration when the prosecutor asked Lieutenant Jackson to describe the shoes that Miles was wearing. The prosecutor heeded that objection, and moved on from that line of questioning. The next objection came when the prosecutor asked what door Miles appeared to enter when he was returning to the vehicle after exiting Walmart, to which Lieutenant Jackson responded that it appeared to be the driver's door. The next objection was raised when the prosecutor asked which side of the car should the jury be watching for activity after Miles had returned to the vehicle. The objection was overruled, and Lieutenant Jackson directed the jury to focus their attention to the front passenger side of the vehicle. Lastly, Land's counsel objected prior to Lieutenant Jackson's testimony that, on a smaller screen, he was able to tell a difference in Miles's footwear.

¶12. Lay-witness opinions offered by Lieutenant Jackson must meet the requirements of Mississippi Rule of Evidence 701. "Rule 701 permits the introduction of non-expert opinion evidence if (a) the opinion is rationally based on the perception of the witness and (b) is helpful to the clear understanding of the determination of a fact in issue." *Ratliff v. State*, 879 So. 2d 1062, 1064 (¶5) (Miss. Ct. App. 2004) (citing M.R.E. 701). The comment to Rule 701 explains that there is a two-part prerequisite test for the admissibility of lay-witness

opinion testimony. "First, the information must assist the trier of fact; and second, the opinion must be based on first[]hand knowledge." *Gales,* 153 So. 3d at 646 (¶45) (citing *Wells v. State*, 604 So. 2d 271, 278 (Miss. 1992)). "There is no substitute for either requirement." *Id.* (citations omitted).

¶13.    In *Wells*, a store owner narrated a video as a lay witness of a defendant cashier, who had been charged with embezzlement. *Wells*, 604 So. 2d at 272, 278. The store owner speculated as to how the cashier was improperly taking money. *Id.* at 278-279. The Court isolated the testimony, and deemed the narration harmless error. *Id*. at 280. Similarly, in *Ratliff*, a store employee and manager described events depicted in a surveillance video of a shoplifting incident even though neither possessed firsthand knowledge of the events on the video. *Ratliff,* 879 So. 2d at 1065 (¶8). We isolated the impermissible testimony of the store employee and manager and held that, "like the court in *Wells*, considering the totality of the evidence presented before the court, the error was, at best, harmless." *Id.* at 1065-66 (¶¶8, 10) (citing *Wells*, 604 So. 2d at 280).

¶14.    Here, Lieutenant Jackson did not identify Land or even mention the robbery while the video was played. His testimony had little bearing in Land's case and was a mere exposition of the crime. *See Gales*, 153 So. 3d at 647 (¶49) (noting that although the trial court improperly admitted an investigating officer's narration of a surveillance video, the error would not amount to plain error because the officer's statement had little bearing on the case and was a mere exposition of the crime). Regardless, even without the narration of Lieutenant Jackson, there was more than enough evidence supporting Land's conviction,

including his own confession, Miles's testimony implicating Land as the shooter, as well as Noriega's testimony.

¶15.   Lieutenant Jackson did not possess firsthand knowledge of the events recorded on the Walmart surveillance video.  As a result, Lieutenant Jackson should not have been allowed under Rule 701 to offer opinion testimony regarding the actions in the video.  However, in considering the totality of the evidence before the trial court, the error was, at best, harmless.

## II.   Whether the trial court erred by allowing the introduction of evidence of the shoes.

¶16.   Land argues that the trial court erred by allowing the shoes worn by Miles on the day of the robbery to be entered into evidence in violation of Uniform Rule of Circuit and County Court 9.04.  We disagree.

¶17.   The prosecutor questioned Miles about the shoes he was wearing at Walmart the day of the shooting.  Miles described the shoes, and stated that he had the shoes with him at the trial.  Land's counsel objected and a bench conference commenced.  Land's counsel claimed unfair surprise because the shoes were not produced to the defense during discovery.  The prosecutor responded that the first time he saw the shoes was the morning of trial.  The trial court allowed the prosecutor to continue his questioning.  Miles confirmed that the newly produced shoes were the same shoes he was wearing at Walmart the day of the shooting, as depicted on the surveillance video.  The prosecutor then stated that he had offered to show the shoes to Land's counsel, who refused to examine the shoes.  Land's counsel never moved for a continuance or a mistrial.  The shoes were then admitted into evidence.

¶18.   Uniform Rule of Circuit and County Court 9.04 provides, in pertinent part:

If during the course of trial, the prosecution attempts to introduce evidence which has not been timely disclosed to the defense as required by these rules, and the defense objects to the introduction for that reason, the court shall act as follows:

> 1. Grant the defense a reasonable opportunity to interview the newly discovered witness, to examine the newly produced documents, photographs or other evidence; and

> 2. If, after such opportunity, the defense claims unfair surprise or undue prejudice and seeks a continuance or mistrial, the court shall, in the interest of justice and absent unusual circumstances, exclude the evidence or grant a continuance for a period of time reasonably necessary for the defense to meet the non-disclosed evidence or grant a mistrial.

> 3. The court shall not be required to grant either a continuance or mistrial for such a discovery violation if the prosecution withdraws its efforts to introduce such evidence.

URCCC 9.04(I).

¶19.    "In order for the requirements of Rule 9.04(I)(2) to be invoked, the defense must (1) after such an opportunity, claim unfair surprise **and** (2) seek a continuance or mistrial." *Williams v. State*, 991 So. 2d 593, 601 (¶28) (Miss. 2008).  In *Williams*, the court held that although the defendant objected and requested a recess when the prosecution sought to admit evidence not disclosed in discovery, he waived his argument on appeal by failing to request a continuance under Rule 9.04.  *Id.* at 600-01 (¶¶27, 30) ("Defense counsel requested a recess and not a continuance as required by Rule 9.04, and therefore waived arguing this issue on appeal.").  Likewise, even though Land claimed unfair surprise, he waived his argument that the trial court erred by admitting the shoes into evidence because he failed to request a continuance or a mistrial, which is a requirement under Rule 9.04.

8

## CONCLUSION

¶20    We find the trial court's allowing Lieutenant Jackson's opinion testimony regarding the surveillance video to be harmless error.  Moreover, Land waived his challenge to the introduction of the shoes by failing to comply with Rule 9.04.  Accordingly, we affirm the trial court's judgment of conviction.

¶21.   **THE JUDGMENT OF THE JONES COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, OF CONVICTION OF COUNT I, ATTEMPTED ARMED ROBBERY, AND SENTENCE OF TWENTY-FIVE YEARS; COUNT II, AGGRAVATED ASSAULT, AND SENTENCE OF TEN YEARS; AND COUNT III, POSSESSION OF A FIREARM BY A FELON, AND SENTENCE OF SEVEN YEARS, WITH ALL SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR.  GREENLEE, J., NOT PARTICIPATING.**