¶ 1. Jerry Lewis Evans was tried and convicted of four counts of possession of a firearm by a prior convicted felon in the Circuit Court of Scott County, Honorable Marcus D. Gordon presiding. Evans was adjudicated a habitual offender and sentenced to four concurrent life sentences in the custody of the Mississippi Department of Corrections without the possibility of parole. A motion for a judgment notwithstanding the verdict (JNOV) and new trial was filed by Evans and summarily denied. From the denial of that motion, Evans appeals raising the following issues:
 1. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A MISTRIAL;
 2. WHETHER THE TRIAL COURT ERRED IN ADMITTING DEFENDANT'S PRIOR CONVICTIONS;
 3. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE STATE TO AMEND THE INDICTMENT; AND *Page 139 
 4. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTIONS FOR DIRECTED VERDICT AND INSTRUCTION D-4.
 STATEMENT OF THE FACTS ¶ 2. On July 15, 1999, a search warrant was issued to the Scott County Sheriff's Office enabling them to search a mobile home in the Kalem Trailer Park in Kalem, Mississippi for guns allegedly possessed by Jerry Lewis Evans, a prior convicted felon. The officers searched the mobile home and recovered five guns. The mobile home was titled to Martha Ann Ingram. Evans was Ingram's boyfriend, and according to controverted testimony, lived with Ingram in the mobile home.
 ¶ 3. Before the trial commenced, the indictment charging Evans with five counts of possession of a weapon by a prior convicted felon was amended by a motion of the prosecution. Each count of the indictment was altered so that the indictment correctly stated that Evans was convicted of attempted rape in Newton County instead of Scott County and that he was sentenced to ten years in prison as opposed to life. At trial the prosecution offered proof that Evans kept clothes in the closet where the guns were found, that he often fired the guns, and that he stayed at the mobile home over-night on numerous occasions. Evans submitted witnesses, including Ingram, who stated that he did not live with Ingram at the mobile home. Ingram did admit on cross-examination that Evans lived with her and that he had equal access to and dominion over the guns stored in the closet.
 ¶ 4. During the course of the trial, the fourth count against Evans was dismissed as the prosecution was unable to produce one of the firearms seized in the search of the mobile home. Based on this evidence, Evans was found guilty on the four remaining counts of possession of firearms by a prior convicted felon submitted to the jury and was sentenced as a habitual felon to serve four life sentences to run concurrently in the custody of the Mississippi Department of Corrections.
 STANDARD OF REVIEW AND LEGAL ANALYSIS 1. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A MISTRIAL.
 ¶ 5. Evans first contends that the trial court erred in denying his motion for a mistrial. Evans' attorney, while cross-examining a prosecution witness, asked whether the witness was present at the mobile home when the police searched the trailer. The witness responded that he was not there and was allowed to explain that he was not present because of what Evans had "done to his girls." At the time of trial and this appeal there were no charges pending against Evans relating to that matter. Evans' attorney immediately objected to the witness' response. The trial court sustained the objection and contemporaneously instructed the jury to disregard the witness' statement.
 ¶ 6. It is well settled that "evidence of past crimes not resulting in conviction is generally inadmissible." Sanders v. State,586 So.2d 792, 797 (Miss. 1991). In situations where evidence of past crimes has been introduced, a declaration of a mistrial is proper unless "the inflammatory material had no harmful effect on the jury." Id.; quoting Shoemaker v. State, 502 So.2d 1193, 1195 (Miss. 1987). It is equally well settled that "where a trial judge sustains an objection to testimony interposed by the defense in a criminal case and instructs the jury to disregard it, the remedial acts of the court are usually *Page 140 
deemed sufficient to remove any prejudicial effect from the mind of the jurors." Strahan v. State, 729 So.2d 800, 808 (¶ 17) (Miss. 1998). The testimony was improper. The trial court properly sustained Evans' objection and instructed the jury to disregard the statements of the witness in response to that question. The jury is presumed to follow the instructions of the trial judge. Id. There is no evidence that the jury did not follow the trial court's instructions. The corrective measure utilized by the trial court was sufficient to cure the prejudicial impact of the witness' statement.
 2. WHETHER THE TRIAL COURT ERRED IN ADMITTING DEFENDANT'S PRIOR CONVICTIONS.
 ¶ 7. Evans next challenges the trial court's decision to admit into evidence the type of prior felonies Evans committed and the length of the sentences. The State alleged in its indictment and established at trial that Evans was convicted of two felonies, grand larceny and attempted rape. Evans was charged and ultimately convicted pursuant to Miss. Code Ann. § 97-37-5 (Rev. 2000). The statute does not limit the State to proving a single prior felony conviction or the methods by which it may prove the prior conviction(s). Id. The language of section 97-37-5
does, however, require as an element of the crime that the person charged be a convicted felon.
 ¶ 8. The next question to be decided is whether the introduction of Evans' prior felony convictions should be allowed during the guilt or sentencing phase of the trial. In Strickland v. State, 784 So.2d 957
(Miss. 2001), a plurality of the Mississippi Supreme Court found that in the case of a felony driving under the influence (DUI) offense, the trial should be bifurcated so that evidence of prior DUI convictions, an element of the felony DUI offense, can only be submitted during the separate sentencing phase in an attempt to lessen the prejudicial impact on the defendant of having prior convictions submitted to a jury.Strickland, 784 So.2d at 961 (¶ 16). An important distinction exists between the crimes of felony DUI and possession of a firearm by a convicted felon. The crime of felony DUI has as its most basic element, the underlying offense of driving under the influence, a crime in and of itself for which a defendant may be convicted. Possession of a firearm by a prior convicted felon has as its core possession of a firearm which is not a criminal act in and of itself. The fact that a defendant is a prior convicted felon is a necessary element of finding a defendant guilty of possession of a firearm by a prior convicted felon and therefore must be presented to the jury during the guilt phase of a trial. For this reason We find that evidence of prior convicted felonies must be presented to the jury in order for them to find a defendant guilty and, as such, would not extend the doctrine espoused in Strickland to this crime.
 ¶ 9. The State had to prove that Evans had been convicted of a felony. The prosecution is authorized when it is an element of the crime charged to introduce evidence of prior convictions. Hentonv. State, 752 So.2d 406, 408 (¶ 7) (Miss. 2000). As the statute does not limit the number of prior convictions the prosecution may prove and the methods it may utilize to prove them, this issue is without merit.
 3. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE STATE TO AMEND THE INDICTMENT.
 ¶ 10. Evans next contends that the trial court erred when it allowed the State to amend the indictment. As stated above, each count of the indictment was *Page 141 
amended to change the county in which Evans was convicted of attempted rape from Scott County to Newton County and to change the sentence received for that conviction from life in prison to ten years. Amendments to indictments are permissible so long as they are changes as to form and not substance. Evans v. State, 499 So.2d 781, 785 (Miss. 1986). The test to determine whether any amendments to an indictment are changes to the form rather than substance is whether the amendment "does not materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." Griffin v. State, 584 So.2d 1274,1276 (Miss. 1991). Here, the amendments to the indictment simply changing the county in which Evans was convicted and the length of the sentence imposed on him did not prejudice his case. Evans was certainly on notice of where the conviction occurred and the length of the sentence imposed. Additionally, as the prosecution was required to only prove one prior felony conviction and submitted proof of two prior convictions, we find that any defense to the charges of the indictment abridged by the modification of the indictment would be frivolous at best. Concluding as such, this Court finds that this issue is without merit.
 4. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTIONS FOR DIRECTED VERDICT AND INSTRUCTION D-4.
 ¶ 11. Evans' final contention of error is that the trial court erred in denying both his motion for directed verdict and instruction D-4. Evans contends that there was not sufficient evidence to convict him of the crimes charged. Evans' instruction, D-4, is a peremptory instruction concerning the sufficiency of the evidence which states that "[t]he Court instructs the jury that under the evidence presented in this case, you must return a verdict of `Not Guilty' as to all counts of the indictment." This Court will reverse only when the evidence is such that "reasonable and fair-minded jurors could only find the accused not guilty." McClain v. State, 625 So.2d 774, 778 (Miss. 1993). The State had to prove in this case that (1) Evans had possession of the firearms; and (2) that Evans was a prior-convicted felon. Evans contends that the State has failed to prove that he had possession of the weapons in question.
 ¶ 12. Possession can be established by either actual possession or constructive possession. Gavin v. State, 785 So.2d 1088 (¶ 16) (Miss.Ct.App. 2001). There was no evidence presented at trial that Evans had actual, physical possession of the firearms on the day of the search and seizure. This necessarily becomes a case of constructive possession. For constructive possession to lie, the State must present evidence that Evans had knowledge of the firearms and intentionally and consciously possessed them. Id. "Constructive possession may be shown by establishing that the [item] involved was subject to his dominion or control." Id. (quoting Curry v. State, 249 So.2d 414, 416 (Miss. 1971)). There was evidence presented at trial that Evans lived in the mobile home where the weapons were stored for several years, that he stored his clothes in the same closet where the weapons were kept, and that he had fired and otherwise handled the weapons on numerous occasions. These facts support an inference that Evans had knowledge of the firearms and that Evans had handled the guns in the past.
 ¶ 13. The owner of the premises where the weapons were found is rebuttably presumed to be in possession of the weapons. Id. at (¶ 17). Martha Ann *Page 142 
Ingram owned the mobile home where the guns were found. Because Evans was not the owner of the mobile home, the State must present "some competent evidence connecting him with the contraband." Id. Evans resided at the mobile home with Ingram. Both had equal access to the contents of the mobile home including the firearms. The evidence presented indicated that Evans handled the guns on a regular basis. This evidence was disputed by testimony of other witnesses stating that Evans did not live at the mobile home. Which witnesses the jury decides to believe or disbelieve is left to the jury as the trier of fact. Groseclosev. State, 440 So.2d 297, 300 (Miss. 1983). In this instance, the jury chose to believe the State's witnesses. This Court finds that there was sufficient evidence for the jury to find that Evans had constructive possession of the firearms. This point of error is without merit.
 CONCLUSION ¶ 14. The contentions raised by Evans in this appeal are without merit. The trial court by sustaining Evans' objection and instructing the jury to disregard the non-responsive statements of the witness cured the harm done by the witness' statements. Evans' prior convictions were elements of the offenses charged against him. The statute does not limit the number or the method in which the State may prove the prior convictions. The amendments to the indictment were permissible as they went to the form of the indictment, not the substance of the charges and Evans was not prejudiced by their amendment. Finally, there was sufficient evidence to find that Evans had possession of the firearms seized by the police.
 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OFCONVICTION OF FOUR COUNTS OF POSSESSION OF A FIREARM BY A CONVICTED FELONAND SENTENCE OF FOUR CONCURRENT LIFE SENTENCES AS A HABITUAL OFFENDER INTHE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.