822 So.2d 1074 (2002)
Timothy Matthew MORAN, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00077-COA.
Court of Appeals of Mississippi.
April 2, 2002.
Rehearing Denied June 25, 2002.
*1075 William Ross Capps, Gulfport, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
McMILLIN, C.J., for the court.
¶ 1. Timothy Moran was indicted by a grand jury convened in the Second Judicial District of Harrison County for the crime of gratifying his sexual lust by fondling the alleged victim, LT, at a time when he was over the age of eighteen years and she was under the age of fourteen years. The victim testified that, during an overnight visit at her mother's apartment in May 1997, Moran came into her room while she was asleep and she awoke to find that Moran had raised her shirt and was fondling her breasts. Moran testified that, on the evening in question, he had slept the entire night in another bedroom in the same bed with his girlfriend. The girlfriend testified on behalf of Moran and corroborated his version of events. The *1076 jury returned a verdict of guilty and Moran has now appealed that conviction.
¶ 2. In his appeal, Moran raises four issues. Having reviewed the record and given due consideration to the arguments advanced by Moran before this Court, we find this appeal to be without merit and affirm the conviction.

I.

Issue One: The Weight of the Evidence
¶ 3. Moran claims that the verdict was against the overwhelming weight of the evidence. His entire argument on this point consists of an assertion that his girlfriend's support for his version of the events of that night, combined with the fact that the alleged victim delayed reporting his behavior for several weeks, makes the victim's accusations so improbable as to be unworthy of belief. The jury sits as the trier of fact and is charged with resolving the inevitable conflicts that arise in a contested criminal trial. Evans v. State, 802 So.2d 137, 142(¶ 13) (Miss.Ct.App. 2001). The jury, and not this Court, has the opportunity to observe the witnesses first hand and make a determination of the credibility of these witnesses. Id. Once the jury resolves the disputed facts in favor of a determination of guilt, this Court cannot disturb that verdict except to prevent a substantial miscarriage of justice. Windham v. State, 800 So.2d 1257, 1263(¶ 19) (Miss.Ct.App.2001). This young victim testified in some detail as to the events of the evening, including the behavior of the defendant, Moran. She further explained her delay in reporting the event as arising out of her own personal embarrassment over the situation. The jury elected to believe her version over that offered by the defense. We do not find the victim's testimony so improbable or unworthy of belief as to convince us that a manifest injustice would occur if the jury's verdict were permitted to stand. In that situation, our obligation is to affirm. Peyton v. State, 796 So.2d 243, 246(¶ 9) (Miss. Ct.App.2001).
¶ 4. Moran actually injects an attack on the sufficiency of the State's evidence in this portion of his brief, pointing out that the State rested without presenting evidence establishing Moran's age as being over eighteen years. The trial court, rather than granting Moran's motion for directed verdict, permitted the State to briefly reopen its case in chief to introduce evidence of Moran's age. This action is certainly a proper exercise of the trial court's discretion in regulating the conduct of a trial. Nash v. State, 278 So.2d 779, 780 (Miss.1973).

II.

Issue Two: Sentencing Error
¶ 5. Moran claims that the trial court erred in sentencing him to ten years for the reason that, in considering an appropriate sentence, the court was of the understanding that the statutory range of punishment was two to fifteen years when, in fact, at the time the offense was committed, the range of punishment was one to ten years. In his brief, Moran contends that the statute was amended to include the greater punishment after the alleged offense but before he was sentenced.
¶ 6. On this point, Moran is plainly wrong. The Mississippi Legislature amended Mississippi Code Section 97-5-23 in 1995 to change the punishment to that under which Moran was sentenced. 1995 Miss. Laws 487. This amendment became effective July 1, 1995. The 1998 amendment mentioned in Moran's brief dealt with changing the maximum age of the victim from fourteen to sixteen years of age. 1998 Miss. Laws 549.

*1077 III.

Issue Three: Evidentiary Ruling
¶ 7. The trial court permitted the prosecuting attorney, in cross-examining Moran's girlfriend, to inquire as to whether the matter of the charges against Moran had come up in an ongoing child custody case in which she was one of the contending parties. The defense objected that the prejudicial effect of this evidence outweighed any probative value it might have had. M.R.E. 403. The trial court found the evidence to have some slight probative value, on the apparent theory that Moran's conviction could be detrimental to the witness's custody battle, thus demonstrating bias on the part of the witness.
¶ 8. The trial court is granted substantial leeway in controlling the admission of evidence. Buel v. Sims, 798 So.2d 425, 429(¶ 17) (Miss.2001). It is a permissible means of impeaching a witness to attempt to show that the witness is, for some reason, biased or prejudiced for or against a party. M.R.E. 616; Scott v. State, 796 So.2d 959, 962(¶ 10) (Miss.2001). It is an entirely defensible proposition to conclude that this witness might obtain some benefit in an ongoing custody battle if her boyfriend were acquitted rather than convicted of fondling a thirteen-year-old girl. Rule 403 permits the court to exclude otherwise admissible evidence only if the probative value is substantially outweighed by "danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." M.R.E. 403. In this case, we find the fact that the witness was involved in litigation involving custody of her child to be a fairly unremarkable circumstance. That the jury learned this fact does not appear unfairly prejudicial to Moran nor would it seem likely to confuse or mislead the jury. M.R.E. 403.
¶ 9. Finding no basis to conclude that the trial court erred in admitting this evidence, for whatever value it might have had for the jury in assessing the credibility of the witness, we conclude this issue to be without merit.

IV.

Issue Four: Improper Witness Impeachment
¶ 10. During its cross-examination of Moran's girlfriend, the State apparently intended to attempt to impeach the witness's testimony concerning the events of the night by proving that she had reported a version of events to an investigating officer that was inconsistent with her testimony at trial. Specifically, the witness testified on direct that she was still awake when Moran came and got in the same bed with her. On cross-examination, the prosecuting attorney inquired as to whether she had told the investigating officer that she "went to sleep before anyone else because [her] back was hurting due to previous surgery." Before the witness could answer, defense counsel interposed an objection. During the ensuing discussion, it became apparent that the basis for the question was an entry in the investigating officer's report. The trial court overruled defense counsel's objection to the question but the witness never admitted nor denied making the statement to the officer.
¶ 11. Now, in this appeal, Moran charges that the trial court's ruling violated Mississippi Rule of Evidence 613(b), apparently on the theory that the use of the officer's narrative report to frame the question was an improper use of extrinsic evidence to show an alleged prior inconsistent statement. We find this issue to be without merit. Rule 613(b) governs the *1078 admissibility into evidence of extrinsic evidence of a prior statement, and does not control the sources of information available to the prosecution to frame questions to witnesses. The rule would have application in this case only if the State had sought to introduce the report into evidence. No such effort was made, nor was any effort made by the State to subsequently call the officer to the stand to testify that the girlfriend actually told him that she was the first to go to sleep.
¶ 12. What we have is simply a fainthearted attempt by the State to cast doubt on the witness's version of events that was abandoned before it ever got off the ground. If the State had followed through and insisted that the witness either admit or deny having made the statement to the officer, then some extrinsic proof tending to show that she had made the statement may have been admissible into evidence, depending in part on the witness's response. That simply did not happen in this case. What we are faced with, instead, is the situation where the State posed a question that intimated to the jury that the witness had made a statement shortly after the incident that did not square with her testimony at trial, but, when the trial court offered the State the chance to pursue the matter further, the question of whether the witness would admit or deny the prior statement remained unanswered by the witness and nothing further regarding the matter ever came up at trial.
¶ 13. The only possible issue that this scenario could raise is whether there might have been some prosecutorial misconduct based on the proposition that the State (a) had no good-faith basis to believe that such a prior inconsistent statement had been made, (b) had no intention of actually following through to offer extrinsic proof of the prior statement, and (c) posed the question suggesting the possibility of such a statement in bad faith to wrongfully lead the jury to believe that such a prior statement had been made. That argument is not advanced by Moran, neither does our review of the record suggest the possibility of such an improper use of the right of cross-examination to the extent that we would feel the necessity of pursuing the matter further on our own motion.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.