GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Charlie Sawyer was convicted in the Circuit Court of Hinds County of armed robbery, in violation of Mississippi Code Annotated section 97-3-79 (Rev.2006), and of possession of a firearm as a convicted felon, in violation of Mississippi Code Annotated section 97-37-5 (Rev.2006). Sawyer was subject to enhanced penalties as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007). On appeal, Sawyer argues that his case should be reversed and remanded for a new trial because the trial court abused its discretion: (1) when it denied his motion to sever the counts against him, (2) when it did not require the State to agree to his stipulation, and (3) when it denied his
 
 Bat-son
 
 challenge by accepting the prosecutor’s reasons for why she exercised her peremptory challenges as being race-neutral.
 

 FACTS
 

 ¶ 2. On June 3, 2005, Alfred Jacobs attempted to purchase food at Ellis Seafood in Jackson, Mississippi. While placing his order at the drive-thru menu board, Jacobs was robbed at gunpoint by two men.
 

 ¶ 3. On June 11, 2005, the employees of Ellis Seafood observed an armed man in the bushes outside of their restaurant and called the police. The police officers arrived and surrounded the armed man and arrested him. The officers determined that the armed individual was Sawyer. Sawyer had previously been convicted of two armed robberies.
 

 ¶ 4. Detective Brad Davis, who was assigned to the June 3, 2005, robbery, called Jacobs and asked him to review a photographic lineup. After examining the photographic lineup, Jacobs immediately identified Sawyer as one of the individuals who had robbed him on June 3, 2005.
 

 ¶ 5. Sawyer was charged with armed robbery and possession of a firearm as a convicted felon. Sawyer filed a motion to sever the trial on the count of armed robbery and the count of possession of a firearm as a convicted felon. Sawyer argued that the probative value of his prior convictions for armed robbery was “substantially outweighed by the danger of unfair prejudice.” M.R.E. 403. At the hearing on the motion, counsel for Sawyer argued that if the trial court determined that severance was not appropriate, then Sawyer would stipulate to two prior felony convictions. The State rejected the stipu
 
 *657
 
 lation. The trial court denied the motion to sever and did not allow Sawyer to stipulate to his prior convictions. It is from this issue that the Court has determined that the case must be reversed and remanded for a new trial.
 

 ANALYSIS
 

 I. Should the trial court have severed the two counts
 
 ?
 

 ¶6. Sawyer argues that the trial court should have severed the two counts against him because the jury would automatically infer that he was guilty of Count I, armed robbery, when the jury heard the evidence of his previous convictions for armed robbery, which were necessary to establish the elements of Count II, possession of a firearm as a convicted felon.
 

 ¶ 7. The standard of review for consideration of the trial court’s decision on a motion for severance is abuse of discretion.
 
 Rushing v.
 
 State, 911 So.2d 526, 532(¶ 12) (Miss.2005). The trial judge is required to conduct a
 
 Corley
 
 hearing on the motion.
 
 Id.
 
 at 533(¶ 14).
 

 ¶8. In
 
 Corley v. State,
 
 584 So.2d 769, 772 (Miss.1991), the Mississippi Supreme Court established the procedure a trial court should follow when a party moves to sever the counts in an indictment. Pursuant to the holding in
 
 Corley,
 
 the State has the burden, during a
 
 Corley
 
 hearing, of making out a prima facie case that the offenses charged are within Mississippi Code Annotated section 99-7-2 (Rev.2007).
 
 See id.
 
 “If the State meets its initial burden, the defendant may thereafter rebut the State’s case by showing the ‘offenses were separate and distinct acts or transactions.’ ”
 
 Rushing,
 
 911 So.2d at 533(¶ 14) (quoting
 
 Corley,
 
 584 So.2d at 772). Under
 
 Corley,
 
 the trial court must weigh the following: “whether the time period between the occurrences is insignificant, whether the evidence proving each count would be admissible to prove each of the other counts, and whether the crimes are interwoven.”
 
 Corley,
 
 584 So.2d at 772. After reviewing the record, we find that the trial court in the instant case did indeed conduct a
 
 Corley
 
 hearing. Therefore, we will review this case under a
 
 Corley
 
 analysis.
 

 ¶ 9. For Counts I and II to be tried together, the trial judge must first determine that the time period between the two crimes is insignificant.
 
 Id.
 
 In Sawyer’s indictment, he was charged with having committed both crimes on June 3, 2005.
 
 [1]
 
 Because one crime is armed robbery and the other is possession of a firearm as a convicted felon, there is little doubt that both crimes occurred simultaneously, and the first factor has been met under
 
 Corley.
 

 ¶ 10. Next, the trial court must determine if the evidence to prove the armed robbery count would be used to prove the felon in possession of a firearm count. Obviously, the evidence from Count I would be admissible in Count II because both crimes require that the State prove that Sawyer had possession of a firearm, and both crimes happened at exactly the same time. Indeed, the evidence necessary to prove Count I is admissible to prove Count II. Furthermore,
 
 Corley
 
 states, “[wjhether the evidence would be admissible under [Mississippi Rule of Evidence 404(b) ] has no bearing on whether the trial court should allow a multi-count indictment.”
 
 *658
 

 Id.
 
 at 772 n. 1. Thus, we find that the evidence in one count may be used to prove the other count and that we need not address any Rule 404(b) implications here.
 

 ¶ 11. Finally, the trial court must determine whether or not the crimes are interwoven. The crimes here are clearly interwoven because they occurred at the exact same time and both depend on the fact that Sawyer possessed a firearm.
 
 See, e.g., Harris v. State,
 
 908 So.2d 868, 875(¶ 25) (Miss.Ct.App.2005). Therefore, we cannot find that the trial judge abused his discretion in denying Sawyer’s motion for severance under
 
 Corley.
 

 ¶ 12. However, as mentioned above,
 
 Corley
 
 does not address the implications of Mississippi Rule of Evidence 404(b). Since the following section analyzes the reasons for reversal and remand for a new trial, the trial court may reconsider whether severance is appropriate at the retrial of this case.
 

 II. Should the trial court have made the State agree to Sawyer’s stipulation?
 

 ¶ 13. During the
 
 Corley
 
 hearing, Sawyer’s counsel made the alternative argument that Sawyer would stipulate that he was a convicted felon. This stipulation would establish Sawyer’s status as a prior convicted felon, the first element of the crime of possession of a firearm as a convicted felon.
 
 [2]
 
 Sawyer argued that, without this stipulation, the State would offer his two prior convictions for armed robbery as evidence, and the jury would then infer that he was guilty of armed robbery on June 3, 2005, because of his previous armed robbery convictions.
 

 ¶ 14. We review the trial court’s “rulings on the admission or exclusion of evidence for abuse of discretion. An error in the admission or exclusion of evidence is not grounds for reversal unless the error affected a substantial right of a party.”
 
 Williams v. State,
 
 960 So.2d 506, 510(¶ 11) (Miss.Ct.App.2006) (citation omitted).
 

 ¶ 15. Character evidence is not admissible to prove that one acted in conformity therewith on a particular occasion. M.R.E 404(a). Under Rule 404(b) of the Mississippi Rules of Evidence, “[ejvidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” Evidence of other crimes or bad acts may be admissible to prove identity, knowledge, intent, motive, opportunity, or preparation. M.R.E. 404(b).
 

 ¶ 16. Upon finding that the evidence is admissible under Mississippi Rule of Evidence 404(b) or otherwise, a court must still consider whether the evidence passes the Rule 403 filter. Rule 403 provides that otherwise admissible evidence may be excluded where the risk of undue prejudice substantially outweighs the probative value of the evidence.
 

 ¶ 17. Sawyer argues that Rule 404(b) prohibits the introduction of his prior convictions. The State argues that the evidence of the prior convictions is not offered to prove Sawyer’s character or that he acted in conformity therewith. Instead, the State argues that evidence of the prior convictions is necessary to establish the first element of the crime of possession of a firearm as a convicted felon, in violation of Mississippi Code Annotated section 97-37-5.
 

 
 *659
 
 ¶ 18. At trial, Sawyer relied on the United States Supreme Court decision in
 
 Old Chief v. United States,
 
 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). In
 
 Old Chief,
 
 the defendant was charged with “assault with a dangerous weapon[,] using a firearm in relation to a crime of violence[, and] violation of 18 U.S.C. § 922(g)(1).”
 
 Id.
 
 at 174, 117 S.Ct. 644. Section 922(g)(1) is similar to our felon in possession of a firearm statute.
 

 ¶ 19. Old Chief had previously been convicted of “assault causing serious bodily injury.”
 
 Id.
 
 at 175, 117 S.Ct. 644. Prior to trial, Old Chief moved the trial court to exclude any mention of his previous conviction for assault, and he “offered to ‘solve the problems here by stipulating, agreeing and requesting the Court to instruct the jury that he has been convicted of a crime punishable by imprisonment exceeding one (1) year.’ ”
 
 Id.
 
 “The Assistant United States Attorney refused to join in a stipulation, insisting on his right to prove his case his own way, and the District Court agreed.... At trial, over renewed objection, the Government introduced the order of judgment and commitment for Old Chiefs prior conviction.”
 
 Id.
 
 at 177, 117 S.Ct. 644.
 

 ¶ 20. After a thorough analysis of the common law and Federal Rules of Evidence 403 and 404(b), the Supreme Court held:
 

 Given these peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.
 

 Id.
 
 at 191,117 S.Ct. 644.
 

 ¶ 21. The State responded that “I don’t know what case [the defense attorney] has, but we all know — and I don’t even know what district she is citing out of. Looks like Florida, I guess.... But we all know that if their [sic] citing to a Florida law, I mean you don’t know what’s applicable or not, but this is Mississippi state law....” The trial court accepted the State’s argument that it must be bound by Mississippi law and not Florida law.
 

 ¶ 22. The State’s argument was that it did not have to agree to the stipulation and the court cannot force the State to accept the stipulation. At trial, the prosecutor cited
 
 Evans v. State,
 
 802 So.2d 137 (Miss.Ct.App.2001) as the controlling authority. Indeed, in
 
 Evans,
 
 citing Mississippi Code Annotated section 97-37-5, this Court held that the State is not limited by “the methods by which it may prove the prior conviction(s).”
 
 Evans,
 
 802 So.2d at 140(¶ 7).
 

 ¶ 23. The prosecutor also cited
 
 Carter v. State,
 
 953 So.2d 224 (Miss.2007) as controlling authority. Ricky Carter was charged with and convicted of attempted burglary of a dwelling and was sentenced as a habitual offender to serve twenty-five years in custody.
 
 Carter,
 
 953 So.2d at 225(¶ 1). At trial, the court admitted, over objection, evidence that Carter had six pri- or burglary or grand larceny convictions.
 
 Id.
 
 at 227 (¶¶ 6-7). The State argued that the prior convictions were offered under
 
 *660
 
 Rule 404(b) to prove the element of intent.
 
 Carter,
 
 953 So.2d at 231(¶ 17). The supreme court held that the trial court did not abuse its discretion in admitting Carter’s prior felony convictions into evidence.
 
 Id.
 
 The supreme court determined that the factual circumstances required that the prior convictions be admitted to show that Carter had the intent to take, steal, and carry away; and the convictions were not used as character evidence.
 
 Id.
 
 at 229(¶ 11).
 

 ¶ 24. Carter’s defense to the attempted burglary charge was that he was looking for a job and was lost.
 
 Id.
 
 at 226(¶ 2). Carter argued that the admission of prior convictions was unduly prejudicial, even though the jury would have to determine Carter’s “intent, namely, whether it was burglarious or whether he was merely a trespasser gone horribly awry.”
 
 Id.
 
 at 229(¶ 12). The supreme court determined that the jury must determine Carter’s intent, and his prior convictions were permitted for the limited purpose to establish intent under Rule 404(b).
 
 Id.
 
 at 231(¶ 17). Thus, the supreme court found that the trial court did not abuse its discretion in admitting Carter’s prior felony convictions into evidence.
 
 Id.
 

 ¶ 25. The appellate brief filed on behalf of the State of Mississippi by the Attorney General does not cite either
 
 Evans or Carter
 
 as authority for this Court to follow in deciding this appeal. Astonishingly, the State does not even cite
 
 Old Chief
 
 or attempt to respond to Sawyer’s argument on Mississippi Rule of Evidence 403 or 404. Instead, the State offers the following:
 

 We are aware of [the] appellant’s concern that a jury might be inclined to reason that Sawyer must be guilty “here and now” of the armed robbery [as] charged in Count I because he had been twice previously convicted “then and there” of the armed robberies [as] charged in Count II.
 

 It seems as though the State, without specifically stating it, concedes that the trial court may have been in error. The State’s only argument is to provide us with a concise recitation of the law on limiting instructions. We do not believe a limiting instruction would cure the error committed here.
 

 ¶ 26.
 
 Old Chief
 
 interprets the Federal Rules of Evidence. The Mississippi Supreme Court, however, has stated:
 

 Though a few differences exist, the Mississippi Rules of Evidence are generally the same as the Federal Rules of Evidence. In construing the Mississippi Rules of Evidence, this Court has generally cited federal case law which interpreted the federal rule corresponding with the Mississippi [R]ule of Evidence at issue in the case.
 

 Hall v. State,
 
 691 So.2d 415, 420 n. 3 (Miss.1997).
 

 ¶ 27. Unlike
 
 Carter,
 
 the State here does not offer Sawyer’s two prior convictions for armed robbery as an exception under Rule 404(b), i.e., “motive opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” M.R.E. 404(b). Instead, the State sought to establish one of the elements of the crime of possession of a firearm as a convicted felon pursuant to Mississippi Code Annotated section 97-37-5.
 

 ¶ 28. The facts presented here are identical to the facts in
 
 Old Chief.
 
 We therefore conclude that the United States Supreme Court’s opinion in
 
 Old Chief
 
 governs the outcome. Indeed, it would be difficult, if not impossible, for the jury to put aside evidence in Count II that Sawyer had twice before committed armed robbery when it considered Count I, regarding Sawyer’s guilt of armed robbery on June 3, 2005. As in
 
 Old Chief,
 
 we find
 
 *661
 
 that the probative value of Sawyer’s prior armed robbery convictions is substantially outweighed by the danger of unfair prejudice because the jury would use Sawyer’s prior convictions as evidence in considering Count I. M.R.E. 403. Thus, we find that the trial court abused its discretion when it allowed evidence of Sawyer’s two prior convictions of armed robbery to be admitted into evidence when a valid stipulation was available. Accordingly, we reverse and remand this case for a new trial.
 

 III. Did the State commit a Batson violation?
 

 ¶ 29. Given our holding to reverse and remand for a new trial on other grounds, Sawyer’s claim that there was a
 
 Batson
 
 violation is now moot.
 

 CONCLUSION
 

 ¶ 30. Even though we find that the trial court properly applied the test in
 
 Corley,
 
 we remind the trial court that it
 
 “may,
 
 on motion of the state or defendant, grant a severance of offenses whenever ... it is deemed appropriate
 
 to promote a fair determination
 
 of the defendant’s guilt or innocence of each offense.... ” URCCC 9.03 (emphasis added). After reviewing
 
 Old Chief,
 
 we find that the trial court abused its discretion because it should have either severed the two counts and tried them separately, or the court should have made the State accept Sawyer’s stipulation if the State still desired to try the two counts together.
 

 ¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE AND CARLTON, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . From the record, it appears that the district attorney did not charge Sawyer as a felon in possession of a firearm on the day he was arrested. The indictment could have charged Sawyer for possession of a firearm as a convicted felon on June 11, 2005, the day that he was arrested. Nevertheless, Sawyer's charge was based on the State proving that he was in possession of a firearm on June 3rd, when he allegedly robbed Jacobs.
 

 [2]
 

 . Under Mississippi Code Annotated section 97-37-5(1) (Supp.2007), "[i]t shall be unlawful for any person who has been convicted of a felony under the laws of this state ... to possess any firearm....” The statute also provides the following penalty upon conviction of a maximum fine of $5,000 or a sentencing range of one to ten years, or both a fine and imprisonment. Miss.Code Ann. § 97-37-5(2) (Supp.2007).