# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-KA-01220-SCT

*MARQUIS JUMARLO STEVENSON a/k/a*
*MARQUIS STEVENSON a/k/a MARLO*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2018 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| TRIAL COURT ATTORNEYS: | HELEN BAGWELL KELLY |
| | ROSHARWIN LEMOYNE WILLIAMS |
| | KENNETH RYAN WALKER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KAYLYN HAVRILLA McCLINTON |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/17/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE KING, P.J., COLEMAN AND BEAM, JJ.

### KING, PRESIDING JUSTICE, FOR THE COURT:

¶1.     Marquis Stevenson was convicted of first-degree murder and possession of a firearm by a convicted felon for shooting Marvion Leflore in the chest.  On appeal, Stevenson argues that his convictions are contrary to the weight of the evidence and that his trial counsel rendered ineffective assistance of counsel.  Because Stevenson's convictions are not contrary to the weight of the evidence, this Court affirms his convictions.  Further, because the record

is insufficient to determine whether ineffective assistance of counsel was rendered, this Court dismisses his ineffective-assistance-of-counsel claim without prejudice.

## FACTS AND PROCEDURAL HISTORY

¶2. On December 13, 2014, Leflore was raking leaves outside his grandparents' house, where he lived. That evening, he was shot. He perished from his wounds shortly afterwards.

¶3. Scorpio Hammond was visiting with Leflore while he raked and witnessed a small silver SUV drive down the street. It drove past Leflore's house and then turned around. The driver called Leflore to come close to the automobile, and Leflore complied. The driver then shot Leflore. Leflore told Hammond that "Marlo" shot him.[1] Hammond testified that he saw Marlo driving, and witnessed him reach over and shoot Leflore. Hammond twice identified Stevenson in photograph lineups as the shooter, in July 2015 and November 2016. At trial, however, Hammond testified that he did not see Marlo in the courtroom. Hammond further testified that he did not personally know Marlo.

¶4. Larry Jenkins, Leflore's grandfather, testified that he ran outside after his daughter heard something and that he saw Leflore lying in the street. He did not go near Leflore, but he witnessed his daughter Tammy Leflore (Leflore's mother) with Leflore. He saw the two of them talking, but he did not hear what was said.

¶5. Tammy Leflore testified that Leflore was outside raking leaves on December 13, 2014, and that Hammond was outside with Leflore. Tammy was inside the house. She heard a gunshot and ran outside. She saw Leflore lying in the street and she ran to him. She

---

[1] Hammond stated that Leflore's approximate words were "this bitch ass nigga Marlo shot me."

testified that Leflore told her, "Bitch ass Marlo shot me." Tammy testified that Marlo and Leflore had previous problems with one another. Tammy stated that, several months before the shooting, her daughter called her and told her that Marlo had Tammy's niece in his car and refused to let her out. When Marlo and her niece pulled up to her house, Tammy went to the car and demanded that Marlo let her niece out of it, and Marlo refused. When Tammy attempted to reach inside the car to turn the car off, Marlo grabbed her by her hand. Leflore witnessed Marlo place his hands on Tammy and Leflore then pulled Tammy back and hit Marlo, while verbally admonishing him for placing his hands on Tammy. She testified without objection from defense counsel that

> that's why at the time Marlo was trying to reach down and grab a gun from right there off the side of the seat. And Marvion was like are you trying to shoot me? And he just kept trying to grab it, so Marvion was just hitting him. But the other time, my son had snatched Natalie out of the car and he drove off.

Tammy testified that Marlo was known to her and her family because he and her niece shared a child. She identified Stevenson as Marlo.

¶6.     Officer Braxton responded to the scene and found Leflore's body roughly six feet from the street curb. Investigator Walsh similarly testified that Leflore's body was in the middle of the street and that he observed a gunshot wound to Leflore's chest. He testified that they put out a "BOLO" for Stevenson and for a small silver Nissan SUV identified by eyewitnesses as being driven by the shooter. Investigator Muskin located the SUV at the home of Stevenson's grandparents, where he lived. The vehicle was processed for fingerprints and gunshot residue (GSR). The GSR swabs were sent to the Mississippi Crime

3

Laboratory. The crime lab positively identified gunshot residue on two of the samples and identified particles indicative of gunshot residue on several more of the samples.

¶7. Stevenson was indicted for murder and for felon in possession of a firearm. At trial, the State introduced evidence that Stevenson had previously been convicted of shooting into an unoccupied motor vehicle, to prove an element of the felon in possession charge. Stevenson's counsel did not ask for a stipulation to the conviction, nor did trial counsel object to the entry of the evidence surrounding the prior conviction. The jury found Stevenson guilty of both charges. Stevenson moved the trial court for a new trial, arguing that the verdicts were contrary to the weight of the evidence, and the trial court denied his motion. Stevenson appeals, arguing 1) that the verdicts were contrary to the weight of evidence, and 2) that trial counsel was ineffective by failing to seek exclusion or limited use of prior bad act evidence.

## ANALYSIS

### 1. *Whether the verdicts are contrary to the weight of the evidence.*

¶8. This Court reviews the trial court's decision to deny a new trial for abuse of discretion. *Little v. State*, 233 So. 3d 288, 292 (Miss. 2017). In doing so, this Court weighs the evidence in the light most favorable to the verdict. *Id.* This Court will disturb a verdict only when it is so contrary to the overwhelming weight of the evidence that it would be an unconscionable injustice to allow the verdict to stand. *Id.*

¶9. Stevenson argues that Hammond's failure to identify him at trial renders the convictions unsupported by the evidence, given that Hammond was the only living

4

eyewitness to the crime. Yet, ample other evidence connected Stevenson to the crime. The State entered two photograph lineups into evidence in which Hammond had identified Stevenson as the shooter. Stevenson's appearance was different in each of the two photograph lineups. Both Hammond and Tammy testified that Leflore made a dying declaration that Stevenson shot him. The vehicle described as being involved in the crime was located at Stevenson's home, and gunshot residue was found in the vehicle. The jury is the arbiter of both the weight of the evidence and the credibility of witnesses. *Renfro v. State*, 118 So. 3d 560, 564 (Miss. 2013). Further, the jury may draw reasonable inferences from the evidence. *Id.* Given the other evidence admitted in this case, and given that the jury viewed both photograph lineups, as well as Stevenson's appearance at trial, the jury's decision regarding how to weigh Hammond's failure to identify Stevenson in court was not unreasonable. The lack of an in-court identification does not undermine the verdict to the extent that allowing Stevenson's convictions to stand would constitute an unconscionable injustice. This Court affirms Stevenson's convictions.

## 2. *Ineffective Assistance of Counsel*

¶10. Stevenson argues that counsel was ineffective for failing to offer a stipulation for Stevenson's prior felony conviction, for not objecting to the testimony about the prior fight between Stevenson and Leflore, and for not requesting limiting instructions regarding this evidence. To prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was both deficient and prejudicial. *Hawkins v. State*, 255 So. 3d 1264, 1270 (Miss. 2018). Ineffective-assistance-of-counsel claims should generally be

brought during post-conviction proceedings. *Id.* "If insufficient evidence and/or information exists in the trial record for the appellate court to adequately address the claim, this Court should deny relief while preserving the defendant's right to argue ineffective assistance of counsel through a petition for post-conviction relief (PCR)." *Id.* This Court may only address such claims on direct appeal if the facts regarding the issues raised are fully apparent from the record. *Id.* The State does not stipulate to the sufficiency of the record to adequately address this issue on direct appeal, but argues that the record on direct appeal is insufficient to determine the issue. *See Read v. State*, 430 So. 2d 832, 841 (Miss. 1983) (the Court may also address ineffectiveness issues when "the parties stipulate that the record is adequate and the Court determines that findings of fact by a trial judge able to consider the demeanor of witnesses, etc. are not needed.").

¶11.    In a case involving a prior conviction as an element of the crime, specifically, a felon in possession of a firearm crime, the United States Supreme Court held that the failure to accept a defendant's stipulation regarding the crime, and the consequent admission of the full record of the prior judgment, was error. *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997). "Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious . . . ." *Id.* at 185. The Mississippi Court of Appeals agreed that the failure to accept a stipulation was unfairly prejudicial, in a case in which the prior convictions were entered only to establish the element of the crime of possession of a firearm as a convicted felon, and were not offered as an exception under Rule 404(b) of the Mississippi Rules of Evidence.

*Sawyer v. State*, 2 So. 3d 655, 660 (Miss. Ct. App. 2008). As the State points out, the record is devoid of any reason why Stevenson's counsel would not request a stipulation. It is also devoid of any Mississippi Rule of Evidence 403 balancing analysis; nor does any argument regarding Rule 404(b) exceptions appear in the record. The record is further devoid of reasons for failure to object, arguments regarding Rule 404(b), and/or a Rule 403 balancing analysis regarding the testimony about the prior fight between Stevenson and Leflore. Nor does the record contain any indication of defense counsel's reasoning for not requesting limiting instructions. This issue is therefore inappropriate to address on direct appeal, and this Court dismisses the issue without prejudice to Stevenson's ability to raise these issues in a PCR proceeding.

## CONCLUSION

¶12. The jury verdicts are not contrary to the weight of the evidence, as ample evidence supports the convictions, despite Hammond's failure to identify Stevenson as the shooter at trial. The record is insufficient to determine whether ineffective assistance of counsel was rendered. This Court therefore affirms Stevenson's convictions and dismisses his ineffective-assistance-of-counsel claim without prejudice.

¶13. **AFFIRMED.**

**KITCHENS, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. RANDOLPH, C.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

7