CARLTON, J.,
 

 for the Court.
 

 ¶ 1. On February 5, 2008, a Tunica County grand jury indicted George Lee Butler as a habitual offender for burglary of a dwelling. After a one-day jury trial held on April 15, 2008, the jury returned a guilty verdict, and the trial court sentenced Butler as a habitual offender to serve twenty-five years, without eligibility for probation or parole, in the custody of the Mississippi Department of Corrections (MDOC). Butler now timely appeals alleging that the trial court committed plain error in failing to conduct a Peterson
 
 [1]
 
 balancing test or a Mississippi Rule of Evidence 403 balancing test concerning Butler’s prior convictions and bad acts. We find no error and affirm.
 

 
 *753
 
 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On September 29, 2007, Otis Whalen returned to his home in Tunica, Mississippi to find that someone had burglarized his home. After going through his home, Whalen allegedly discovered that his gun and $2,000 worth of jewelry were missing. Later that same evening, Whalen stated that Butler had called him and confessed to Whalen that he had burglarized his home. However, at trial, Butler denied making such a confession to Whalen.
 

 ¶ 3. On October 13, 2007, law enforcement arrested Butler. After being read his
 
 Miranda
 
 warnings, Butler voluntarily confessed to burglarizing Whalen’s home. In his written confession, Butler stated the following: “I broke in [sic] Otis Whalen [sic] house and stole his jewelry and guns. I sold the gun and jewelry for $100, and [another man] buy [sic] the gun and jewelry.” Detective Dwight Woods read Butler’s confession into the record at trial.
 

 ¶4. Butler took the stand in his own defense. During direct examination, defense counsel asked Butler how many felony convictions he had. Butler replied that he did not know, and stated that “I got [sic] quite a few of them.” During cross-examination, the prosecutor also asked Butler how many felonies he had to which Butler replied that he had more than five. The prosecutor then listed a string of felony convictions on Butler’s record, which included the following: uttering a forgery, two counts of business burglary, auto theft, and three counts of possession of a controlled substance. Butler’s defense counsel never objected to the introduction of this evidence. The prosecutor also asked Butler whether he had broken into Whalen’s house before the crime charged at issue, which Butler denied. Again, defense counsel did not object to this line of questioning.
 

 ¶ 5. The jury returned a guilty verdict as to the charge of burglary of a dwelling pursuant to Mississippi Code Annotated section 97-17-23(1) (Supp.2008). The trial court subsequently sentenced Butler as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007), to twenty-five years, without eligibility for probation or parole, in the custody of the MDOC.
 

 ¶ 6. Butler now appeals alleging that the trial court committed plain error by failing to conduct a
 
 Peterson
 
 balancing test or a Rule 403 balancing test concerning Butler’s prior convictions and “bad acts.”
 

 STANDARD OF REVIEW
 

 ¶ 7. “The standard of review governing the admission or exclusion of evidence is abuse of discretion.”
 
 Williams v. State,
 
 991 So.2d 593, 597(¶ 8) (Miss.2008) (citation omitted). “Unless the [trial] judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse [the] ruling.”
 
 Id.
 
 (citation omitted).
 

 DISCUSSION
 

 A. Butler’s Prior Convictions
 

 ¶ 8. Butler argues on appeal that the trial court committed plain error by failing to conduct a
 
 Peterson
 

 [2]
 

 balancing test or a
 
 *754
 
 Rule 403
 
 [3]
 
 balancing test concerning the admission of Butler’s prior convictions. Butler admits that during the trial, his defense counsel “failed to object to the introduction of Butler’s prior convictions without the
 
 Peterson
 
 hearing.” However, Butler contends that this Court should consider this assignment of error under the plain-error doctrine.
 

 ¶ 9. In turn, the State argues that even if this issue does not face a procedural bar, it lacks merit because defense counsel took the initiative in bringing Butler’s prior convictions to the jury’s attention during direct examination. Hence, the State contends that Butler opened the door to the State’s ability to question him further about his prior convictions.
 

 ¶ 10. “The general rule is that evidence of a crime, other than the one for which the accused is being tried, is not admissible.”
 
 Palmer v. State,
 
 939 So.2d 792, 795(¶ 8) (Miss.2006). However, Mississippi Rule of Evidence 609(a)(1)(B) allows the introduction of prior convictions for the limited purpose of attacking the credibility of the witness. “The nile requires that before evidence of a prior conviction is introduced for the purpose of attacking the credibility of a witness, ‘the court is to determine that the probative value of admitting this evidence outweighs its prejudicial effect to the party.’ ”
 
 Moss v. State,
 
 977 So.2d 1201, 1209(¶ 14) (Miss.Ct.App.2007) (citing M.R.E. 609(a)(1)(B)).
 

 ¶ 11. In Moss, this Court found that although under Rule 609(a)(1)(B) the trial court must determine that the probative value of a prior conviction outweighs its prejudicial effect, no error exists in the trial court failing to do so when the defendant opens the door to his or her own prior convictions.
 
 Moss,
 
 977 So.2d at 1210-11 (¶¶ 16-18). Such action denies the trial court the opportunity to perform the appropriate balancing analysis.
 
 Id.
 

 ¶ 12. The
 
 Moss
 
 Court explained its holding in the following manner:
 

 It is well established that if a defendant opens the door to the admission of otherwise inadmissible evidence, the State then may proceed to question further into the matter.... But, “[t]he impeachment evidence is admissible only for the purpose of impeaching credibility and may not be used for the purpose of establishing its truth.”
 
 Bush v. State,
 
 895 So.2d 836, 848 ([¶]31) (Miss.2005) ( [citation omitted]). “The State is further limited in that its ‘impeachment privilege may not exceed the invitation extended.’ ” [7d] (quoting
 
 Stewart,
 
 596 So.2d at 853). However, “if a defendant opens the door to [a] line of testimony, ordinarily he may not complain about the prosecutor’s decision to accept the benevolent invitation to cross the threshold.”
 
 Kolberg v. State,
 
 829 So.2d 29, 56 ( [¶]56) (Miss.2002) ([citation omitted]).
 

 Id. at 1210(¶ 16).
 

 ¶ 13. The trial transcript reveals that Butler opened the door to the admittance of his prior felony convictions by his testimony during direct examination in which he stated that he did not know how many felony convictions he possessed, but that he “got [sic] quite a few of them.” On cross-examination, the State also ques
 
 *755
 
 tioned Butler about how many felony convictions he had. In response, Butler testified that he had more than five felony convictions. It was at this point that the State delved further into Butler’s response and asked him specifically about the nature of his prior convictions.
 

 ¶ 14. Consequently, when Butler introduced his record of prior convictions on his own initiative during direct examination, he effectively denied the trial court the opportunity to perform the appropriate balancing test so that it could determine whether Butler’s prior convictions constituted admissible evidence. Additionally, we note that when the State cross-examined Butler specifically about his prior convictions, defense counsel failed to object.
 
 See, e.g., Harris v. State,
 
 861 So.2d 1003, 1020(¶ 46) (Miss.2003) (stating that when a defendant introduces evidence of a prior conviction, he waives any objection concerning its admission into evidence). For the above reasons, we find that the trial judge did not abuse his discretion by allowing the State to question Butler about his prior convictions.
 

 ¶ 15. As to Butler’s request that we apply the plain-error doctrine to his case, “this Court applies the plain[-]error rule only when it affects a defendant’s substantive/fundamental rights.”
 
 Williams v. State,
 
 794 So.2d 181, 187(¶ 23) (Miss.2001) (overruled on other grounds). Here, we cannot find that the State’s line of questioning as to what prior convictions Butler had substantially affected Butler’s right to a fair trial when Butler openly admitted on direct examination that he had a record of multiple felony convictions. This issue lacks merit.
 

 B. Butler’s Prior Bad Acts
 

 ¶ 16. Butler also argues on appeal that the trial court erred in failing to conduct a
 
 Peterson
 
 balancing test when the State introduced testimony, during its cross-examination of Butler, that Butler had previously attempted to burglarize Whalen’s house before the incident at issue. In response, the State argues that Butler waived this issue on appeal when he failed to contemporaneously object at trial to the introduction of such evidence.
 

 ¶ 17. Mississippi Rule of Evidence 404(b) states the following as to the admissibility of prior “bad acts”:
 

 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 

 ¶ 18. During cross-examination, the prosecution attempted to elicit testimony from Butler that he previously had broken into Whalen’s house before the incident at issue. Defense counsel failed to object to the introduction of such testimony. In fact, in cross-examining Whalen, defense counsel attempted to develop its theory of defense by eliciting testimony from Whalen that he never saw Butler break on any occasion.
 

 ¶ 19. Again, we find that a defendant’s failure to contemporaneously object to the admission of evidence at trial, as required by Mississippi Rule of Evidence 103, effectively waives the issue on appeal.
 
 See Busick v. State,
 
 906 So.2d 846, 861-62(¶ 44) (Miss.Ct.App.2005) (holding that the defendant waived the issue on appeal when he failed to contemporaneously object to the admission of such evidence at trial).
 

 ¶ 20. In light of governing case law on this issue, we cannot find that the State’s attempted introduction of the above
 
 *756
 
 evidence substantially affected Butler’s right to a fair trial when Butler failed to object to the introduction of such testimony.
 
 See Williams,
 
 794 So.2d at 187(¶ 23).
 

 ¶ 21. This issue lacks merit.
 

 ¶ 22. THE JUDGMENT OF THE TU-NICA COUNTY CIRCUIT COURT OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.
 

 [1]
 

 .
 
 Peterson v. State,
 
 518 So.2d 632, 636 (Miss.1987).
 

 [2]
 

 . In
 
 Peterson,
 
 "[t]he Court listed several factors that should be considered by the trial court when weighing the probative value against the prejudicial effect: (1) [tjhe impeachment value of the prior crime[,] (2) [tjhe point in time of the conviction and the witnesses] subsequent history!,] (3) [tjhe similarity between the past crime and the charged crime[,j (4) [tjhe importance of the defendant's testimony!, and] (5) Ltjhe centrality of the credibility issue."
 
 DeLoach v. State,
 
 722 So.2d 512, 520(¶ 32) (Miss.1998) (quoting
 
 Peterson,
 
 518 So.2d at 636). Furthermore, in
 
 DeLoach,
 
 the supreme court held that a trial
 
 *754
 
 court’s failure to engage in a
 
 Peterson
 
 balancing test is harmless error in a case where the evidence of guilt is overwhelming.
 
 Id.
 
 at 520(¶ 34).
 

 [3]
 

 . Rule 403 provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.”