# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01736-COA

**DARIUS EARL JONES A/K/A DARIUS JONES**                    **APPELLANT**
**A/K/A DARIUS E. JONES**

**v.**

**STATE OF MISSISSIPPI**                                                  **APPELLEE**

DATE OF JUDGMENT:                11/13/2017
TRIAL JUDGE:                          HON. CHRISTOPHER A. COLLINS
COURT FROM WHICH APPEALED:   SCOTT COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      MARK A. CLIETT
ATTORNEYS FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                                      BY: KATY T. GERBER
                                         JASON DAVIS
DISTRICT ATTORNEY:               STEVEN SIMEON KILGORE
NATURE OF THE CASE:              CRIMINAL - FELONY
DISPOSITION:                     AFFIRMED - 05/28/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., LAWRENCE AND C. WILSON, JJ.

### C. WILSON, J., FOR THE COURT:

¶1.     Darius Earl Jones ("Jones") was indicted for possession of at least 250 grams but less than 500 grams of Fubinaca, a Schedule I controlled substance, pursuant to Mississippi Code Annotated section 41-29-139(c)(2)(D) (Rev. 2013). A Scott County jury convicted Jones as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 (Rev. 2013) and as a non-violent habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015).

¶2.     Following Jones's conviction, the circuit court sentenced Jones to serve sixteen years

in the custody of the Mississippi Department of Corrections ("MDOC"), to run consecutively to any sentence he was already serving. Additionally, the court ordered Jones to pay restitution to the Mississippi Bureau of Narcotics in the sum of $625, plus all filing and processing fees.

¶3. Jones subsequently filed a motion for a judgment notwithstanding the verdict ("JNOV") or, in the alternative, a new trial, which was denied by the circuit court. Jones now appeals and challenges: (1) the sufficiency of the evidence; (2) the weight of the evidence; and (3) the admission of a prior conviction without a *Peterson v. State*[1] hearing. Jones also alleges ineffective assistance of counsel.

¶4. With regard to the first three assignments of error, we affirm. We decline to decide Jones's ineffective-assistance-of-counsel claim on direct appeal without prejudice to his right to pursue post-conviction collateral relief.

## FACTS AND PROCEDURAL HISTORY

¶5. In 2016, Mika Beatty ("Beatty") was the manager of the Scott County Forest Coliseum (the "Coliseum"). As the manager, Beatty was responsible for preparing the Coliseum for events. Because these preparations often required manual labor, Beatty enlisted the assistance of a prison trusty. On June 2, 2016, Jones was assigned to the Coliseum as a trusty under Beatty's supervision. Beatty testified that Jones was the only inmate on site that day. When Jones arrived at the Coliseum, he was wearing a standard prison uniform and a jacket. Jones's first task was to help Beatty rake out the cattle pens behind the Coliseum. Before

---

[1] 518 So. 2d 632 (Miss. 1987).

going outside to rake the cattle pens, Jones placed his jacket on a bench inside.

¶6.    Around lunchtime, Jones told Beatty that he needed to use the restroom and get some water.  According to Beatty, Jones had not left her sight up to that point.  Beatty allowed Jones to take a break, but after thirty-to-forty-five minutes had passed without his return, she went inside to look for him.  Beatty testified that when she found Jones, he seemed "a little nervous, a little agitated."  Beatty then told Jones to start weed eating so she could look around the Coliseum to see what Jones might have disturbed.  When she checked the men's restroom, she smelled a strong odor of marijuana.  Beatty then noticed Jones's jacket on the bench near the main entrance, and, based on what she smelled in the bathroom, she decided to search Jones's jacket.  When she searched Jones's jacket, a large block of what appeared to be drugs fell onto the ground.

¶7.    Beatty immediately contacted law enforcement and asked Jones to come back inside. Jones emphatically denied that the drugs were his; he failed to offer any explanation as to how the drugs got in his jacket.  Lieutenant Johnson, the law enforcement officer who responded to Beatty's call, then transported Jones and the evidence to the Scott County Detention Center and turned the evidence over to Brad Ellis ("Ellis"), a narcotic investigator, and Seth Waggoner ("Waggoner"), an agent with the Mississippi Bureau of Narcotics.

¶8.    The next day, Jones waived his *Miranda*[2] rights and provided a verbal statement to Waggoner.  Jones stated that he found the drugs at the Coliseum while he was weed eating. He also admitted to placing the drugs inside of his coat, but he stated that he intended to turn

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

the drugs over to Lieutenant Johnson. After the interview, Waggoner transported the evidence to the Mississippi Forensic Laboratory for testing. Jamie Johnson ("Johnson"), a forensic analyst at the lab, examined the evidence and determined that the substance was 442.71 grams of MMB-FUBINACA, a Schedule I controlled substance.

¶9. A Scott County grand jury indicted Jones for possession of at least 250 grams but less than 500 grams of Fubinaca, a Schedule I controlled substance, pursuant to Mississippi Code Annotated section 41-29-139(c)(2)(D).

¶10. At trial, Jones testified in his own defense. According to Jones, he saw a bag of what he suspected was marijuana while he was weeding the grass. He testified that he picked up the bag and took it inside to give to Beatty, but when he could not find her, he left the bag on top of his jacket and went back to his yard work. Although he admitted to picking up the drugs and (at the very least) putting them on his jacket, Jones denied ever possessing the drugs. After Jones testified, the State called Beatty as a rebuttal witness. Beatty reiterated that when she picked up Jones's jacket, drugs fell out of the sleeve.

¶11. Following his conviction by the jury, the circuit court sentenced Jones as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 and as a non-violent habitual offender under Mississippi Code Annotated section 99-19-81 to serve sixteen years in the custody of the MDOC, to run consecutively to any sentence he was already serving. Additionally, the court ordered Jones to pay restitution to the Mississippi Bureau of Narcotics in the sum of $625, plus all filing and processing fees.

¶12. Jones subsequently filed a motion for a JNOV, alleging (1) that the jury ignored the

4

court's instructions and failed to hold the State to its burden of proof, which it failed to adequately satisfy; and (2) that the verdict was against the overwhelming weight of the evidence. Jones also alleged Eighth Amendment violations with regard to his sentencing and ineffective-assistance-of-counsel claims. The circuit court denied this motion.

¶13. Jones timely filed his Notice of Appeal. Jones now appeals and challenges: (1) the sufficiency of the evidence; (2) the weight of the evidence; and (3) the admission of a prior conviction without a *Peterson v. State* hearing. Jones also alleges ineffective assistance of counsel.

ANALYSIS

*I. Sufficiency of the Evidence*

¶14. Jones first asserts that the evidence is insufficient to support his conviction. He contends the State "failed to prove guilt beyond a reasonable doubt."

¶15. In considering whether the evidence is sufficient to sustain a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Williams v. State*, 35 So. 3d 480, 485 (¶16) (Miss. 2010). Where the facts and inferences "point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render." *Id*. However, if "reasonable fair-minded [jurors] in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to

5

have been sufficient." *Id.*

¶16. Jones was convicted for possession of a controlled substance, Fubinaca, pursuant to Mississippi Code Annotated section 41-29-139(c)(2)(D). Under section 41-29-139(c)(2)(D), the State was required to prove that Jones knowingly or intentionally possessed at least 250 grams but less than 500 grams of marijuana or synthetic cannabinoids.

¶17. Considering the evidence in light most favorable to the State, we find sufficient evidence was presented to support Jones's conviction for possession of a controlled substance pursuant to section 41-29-139(c)(2)(D). Thus, Jones's motion for a JNOV was properly denied.

## II. Weight of the Evidence

¶18. Jones next asserts that the verdict is against the overwhelming weight of the evidence. "In reviewing the denial of a motion for a new trial 'based on an objection to the weight of the evidence,' this Court 'will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.'" *Kirk v. State*, 160 So. 3d 685, 697 (¶31) (Miss. 2015). The evidence is weighed in the light most favorable to the verdict. *Id.* "A new trial should be granted on the basis of the weight of the evidence 'only in exceptional circumstances, when the evidence weighs heavily against the jury's verdict.'" *Hughes v. State*, 983 So. 2d 270, 277 (¶22) (Miss. 2008) (quoting *Wilson v. State*, 936 So. 2d 357, 363 (¶16) (Miss. 2006)).

¶19. Beatty and Jones disputed multiple facts throughout the trial. Jones contends that "Beatty was confused as to the events of the day and was mistaken in her testimony." For

example, according to Jones, he worked at the Coliseum on June 1, 2016, and on June 2, 2016. Also according to Jones, he moved panels inside the Coliseum on June 1, and he mowed the grass on June 2, although Jones and Beatty dispute whether Jones ever rode the zero-turn mower. Jones asserts that he did not clean out the cattle pens on June 2, as he had previously cleaned them out with the assistance of all of the trusties. And, despite Beatty's testimony that she and Jones were the only people on the property on the day in question, Jones testified that Beatty had him confused with another trusty on site, whom Jones was unable to name. But in response to a question regarding Jones's contention that Beatty had confused him with someone else, Beatty responded, "No, sir."

¶20. "Conflicts in the evidence are for the jury to resolve." *Williams v. State*, 64 So. 3d 1029, 1033 (¶13) (Miss. Ct. App. 2011). "The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed." *Wallace v. State*, 139 So. 3d 75, 78 (¶8) (Miss. Ct. App. 2013). "Any factual disputes are properly resolved by the jury and do not mandate a new trial." *Sneed v. State*, 31 So. 3d 33, 43 (¶33) (Miss. Ct. App. 2009) (quoting *Moore v. State*, 859 So. 2d 379, 385 (¶26) (Miss. 2003)).

¶21. Having considered the evidence presented, we do not find the verdict to be contrary to the overwhelming weight of the evidence such that to allow the verdict to stand would sanction an unconscionable injustice. Accordingly, the circuit court did not err in denying Jones's motion for a new trial.

III. *Admission of Evidence*

7

¶22. Jones next asserts that the circuit court "erred by admitting evidence of [his] prior conviction without conducting a balancing test" pursuant to Mississippi Rule of Evidence 609. We find this issue is procedurally barred.

¶23. During his direct examination, Jones admitted that he was previously incarcerated. On cross-examination, the State asked Jones why he was incarcerated. With no objection from defense counsel, Jones responded, "for the sale of hydrocodone." The "failure to contemporaneously object to the admission of evidence at trial . . . effectively waives the issue on appeal." *Butler v. State*, 16 So. 3d 751, 755 (¶¶14, 19) (Miss. Ct. App. 2009). Thus, because Jones failed to object to the admission of his prior conviction at trial, he is barred from asserting this issue on appeal.

¶24. Notwithstanding the procedural bar, we find no reversible error. "The standard of review regarding admission or exclusion of evidence is abuse of discretion." *Tillis v. State*, 176 So. 3d 37, 45 (¶15) (Miss. Ct. App. 2014). "Where error involves the admission or exclusion of evidence, this Court will not reverse unless the error adversely affects a substantial right of a party." *Id*. "Rule 609(a)(1) requires that before admitting evidence of a witness's felony conviction, the [circuit court] must determine 'that the probative value of admitting this evidence outweighs its prejudicial effect.'" *Peterson*, 518 So. 2d at 636 (reversing Peterson's conviction and remanding the case for a new trial due to the circuit court's failure to conduct an on-the-record balancing test pursuant to Rule 609(a)(1)).

¶25. *Peterson*'s holding has been modified by subsequent authority. *See Deloach v. State*, 722 So. 2d 512 (Miss. 1998). In *Deloach*, the supreme court held that "although not

completing the balancing test set forth in [Rule] 609 was an error, if the error were harmless based on the overwhelming evidence of the State, it would not constitute a reversible error." *Williams*, 819 So. 2d at 541 (¶28) (citing *Deloach*, 722 So. 2d at 520 (¶34)).

¶26.   Here, Jones testified about his prior conviction during his direct examination in his case-in-chief, opening the door for the follow-up question during cross-examination. While the record shows the circuit court did not conduct an on-the-record balancing test regarding Jones's prior conviction (and was not requested to do so), in light of the overwhelming evidence presented by the State regarding Jones's guilt, we find the error was harmless. The circuit court did not abuse its broad discretion by admitting the testimony.

### IV.   Ineffective Assistance of Counsel

¶27.   Jones last argues he received ineffective assistance of counsel. Specifically, Jones asserts his trial counsel:  (1) "was grossly inadequate and ineffective in trial tactics and cross[-]examination of witnesses"; (2) "failed to object to the admission of the alleged drug evidence when there was a break in the chain of custody"; (3) "failed to object when the prosecutor asked how [he] knew what a bag of marijuana felt like"; (4) "failed to object to the questioning of [his] prior convictions/drug activity without requiring a *Peterson* hearing"; and (5) "failed to object to the search of [his] jacket by an employee of Scott County in violation of the 4th Amendment of the United States Constitution."

¶28.   "[G]enerally, ineffective-assistance-of-counsel claims are more appropriately brought during post-conviction proceedings." *Bell v. State*, 202 So. 3d 1239, 1242 (¶12) (Miss. 2016). This Court will "only consider an ineffective-assistance-of-counsel claim on direct

9

appeal when: (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." *Nelson v. State*, 222 So. 3d 318, 322 (¶5) (Miss. Ct. App. 2017).

¶29. Here, the record does not affirmatively show ineffectiveness of constitutional dimensions. Although the parties stipulate that the record is adequate, we find Jones's ineffective-assistance-of-counsel claim is based on facts not fully apparent from the record, including his counsel's trial strategy and tactics. Accordingly, we decline to address the claim on direct appeal but preserve Jones's right to pursue his claim through a petition for post-conviction collateral relief.

¶30. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**